UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CASE No. 8:12-CR-361-T-27TGW

CHAD ALLEN LAZZARI,

    Defendant,

and

CAPITAL BANK AND TRUST COMPANY,

    Garnishee.

_____

## ORDER

THIS CAUSE came on for consideration upon the Writ of Garnishment (Doc. 106), the Amended Answer of Garnishee Capital Bank and Trust Company to Writ of Garnishment (Doc. 109), the defendant's Answer to Writ of Garnishment and Claim for Exemption and Request for Hearing (Doc. 112), and the United States' Response to Defendant's Answer to Garnishment and Claim of Exemption (Doc. 113). This matter has been referred to me for consideration and disposition if appropriate (Doc. 116). For the following reasons, the Government is entitled to garnish the defendant's retirement account.

I.

In June 2013, the defendant, pursuant to a plea agreement, pled guilty to one count of wire fraud, and four counts of making false statements to a federally-insured institution. In the plea agreement, the defendant agreed to make full restitution to the victims (Doc. 45, p. 4). Accordingly, in the judgment entered in September 2013, the defendant was ordered to pay restitution in the amount of $335,682.65 (Doc. 94, p. 5). The Government asserts that, as of October 25, 2013, the defendant owes a balance of $335,699.85 on his restitution obligation (Doc. 113, p. 2).*

Upon the Government's application (Doc. 103), a writ of garnishment was issued against the defendant's retirement account, which is maintained by Capital Bank and Trust Company ("the garnishee") (Doc. 106). The garnishee's amended answer to the writ states that the defendant has a 401(k) account, valued at $133,092.62 as of November 13, 2013 (Doc. 109, p. 1). Further, the garnishee indicated that it "has received documentation from the Plan sponsor that a qualified distribution event exists and has confirmed with the Plan sponsor that the distribution event still applies" (id., pp. 1-2).

---

*This amount is calculated by adding the principal balance ($335,682.65) and the interest ($17.20).

The Government seeks to collect the funds in the defendant's 401(k) account as partial payment of the restitution. The defendant objects to the garnishment of his 401(k) account (Doc. 112).

II.

A. The defendant has submitted a Claim for Exemption and Request for Hearing (id., pp. 6-9). The Federal Debt Collection Procedures Act provides that, upon request, a court "shall hold a hearing," but limited to consideration of "the probable validity of any claim of exemption by the judgment debtor" and "compliance with any statutory requirement for the issuance of the postjudgment remedy granted." 28 U.S.C. 3202(d).

In his Claim for Exemption form, the defendant claimed exemptions for (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; and (3) books and tools of a trade, business, or profession (Doc. 112, pp. 6-7). However, because the only property the Government seeks to garnish, the defendant's 401(k) account, is not one of the categories identified by the defendant nor property subject to any other exemption, the validity of the defendant's claimed exemptions is not at issue. Furthermore, as the Government points out, "the defendant has not raised any objections with respect to compliance with statutory requirements" (Doc. 113, p. 4). Accordingly, a hearing is not required.

B. The defendant contends that the Government may not garnish the funds in his 401(k) account because he was ordered to pay restitution in monthly installments (Doc. 112, pp. 1-3). The overwhelming weight of authority, however, is to the contrary. Thus, the Government's response cites a number of cases indicating that a restitution payment plan does not preclude other collection methods, including garnishment (Doc. 113, pp. 5-6). See, e.g., United States v. Ekong, 518 F.3d 285 (5th Cir. 2007); United States v. Shusterman, 331 Fed. Appx. 994, 996-97 (3rd Cir. 2009); United States v. Strickland, Case No. 3:09-CR-326-J-25MCR (M.D. Fla. 2013) (Doc. 140).

This authority is compelling. Therefore, the Government may garnish the defendant's 401(k) account, regardless of the court-ordered payment plan.

C. Furthermore, the Government correctly points out that the anti-alienation provision of the Employee Retirement Income Security Act of 1974 ("ERISA") does not prohibit enforcement of a criminal defendant's restitution obligation (Doc. 113, pp. 7-10). "[T]he MVRA [Mandatory Victim Restitution Act of 1996], specifically 18 U.S.C. § 3613(a), ... operates as a congressionally-created exception to the anti-alienation provision in 29 U.S.C. § 1056(d)." United States v. James, 312 F.Supp.2d 802, 805 (E.D. Va. 2004). Since the defendant's "interest in an ERISA qualified plan does not

fit within any of the exceptions listed in § 3613(a), it follows that ERISA is no bar to garnishment of a qualified pension plan to collect a criminal restitution order." Id.

D. Finally, as indicated, the defendant claims exemption based on (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; and (3) books and tools of a trade, business, or profession (Doc. 112, pp. 6-7). However, the Government responds that it is not seeking to garnish the categories of property claimed by the defendant (Doc. 113, p. 10). Consequently, these claims of exemption are irrelevant at this time.

It is, therefore, upon consideration,

ORDERED:

That the Writ of Garnishment (Doc. 106) be, and the same is hereby, **GRANTED**. The Government is entitled to garnish the funds in the defendant's 401(k) account, and garnishee Capital Bank and Trust Company shall therefore release the defendant's 401(k) account to the Government.

DONE and ORDERED at Tampa, Florida, this 15th day of January, 2014.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE